Filed 4/28/25  P. v. Tran CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101305 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F03454) |
| v. | |
| QUYEN TRAN, | |
| Defendant and Appellant. | |

Penal Code section 3051 gives the opportunity of parole to certain youth offenders, including those sentenced to 25 years to life in prison for first degree murder. But that opportunity does not extend to those sentenced to life in prison without the possibility of parole for offenses such as first degree murder with a special circumstance.

In *People v. Briscoe* (2024) 105 Cal.App.5th 479 (*Briscoe*), the First District held that Penal Code section 3051 violated equal protection when it applied "in the narrow factual context [t]here" to exclude the non-killer defendant sentenced for first degree murder with robbery-murder and burglary-murder special circumstances.  The *Briscoe*

1

court observed that the defendant violated "the exact same standard of conduct" as those convicted of first degree felony murder based on robbery and burglary. (*Briscoe*, at p. 491.) Thus, it was irrational to provide parole opportunities to robbery-based or burglary-based first degree felony murder offenders but not to robbery-murder or burglary-murder special circumstance offenders such as the defendant. (*Id.* at p. 490.)

Defendant Quyen Tran was sentenced to life in prison without the possibility of parole for first degree murder with a drive-by shooting special circumstance. Citing *Briscoe*, he contends Penal Code section 3051 similarly violates equal protection as applied to him.

We disagree. Unlike the offenses in *Briscoe*, a drive-by shooting special circumstance requires the non-killer to possess the intent to kill, while first degree drive-by shooting murder does not. It was therefore rational for the Legislature to determine that offenders of a drive-by shooting special circumstance are more culpable and less deserving of the opportunity of parole. The trial court's ruling is affirmed.

Undesignated statutory citations are to the Penal Code unless otherwise indicated.

FACTUAL AND PROCEDURAL BACKGROUND

In 1998, 18-year-old defendant drove a car with gang members on board. Shots fired from the car killed Southalay Ly Vongesedon. A witness testified she did not see defendant fire shots.

A jury found defendant guilty of first degree murder (§ 187, subd. (a)) with a drive-by shooting special circumstance (§ 190.2, subd. (a)(21)) and assault with a firearm (§ 245, subd. (a)(2)). It further found true various firearm and gang allegations (§§ 12022, subd. (a)(1), 12022.53, subds. (b-(l), 186.22, subd. (b)(1)).

As relevant here, the trial court sentenced defendant to life in prison without the possibility of parole for the special circumstance first degree murder.

In 2022, defendant filed a motion seeking an evidence preservation proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 and *In re Cook* (2019) 7 Cal.5th 439.

2

The trial court dismissed the motion after finding defendant ineligible for a *Franklin* hearing in light of *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*). Defendant timely appeals.

DISCUSSION

*Franklin* allows a youth offender "to preserve evidence of youth-related mitigating factors for purposes of a youthful offender parole hearing to be held in the future." (*People v. Ngo* (2023) 89 Cal.App.5th 116, 118.) Therefore, defendant's entitlement to a *Franklin* hearing depends on his entitlement to a youth offender parole hearing under section 3051.

Defendant contends section 3051 violates equal protection as applied to him. He argues that a first degree drive-by shooting murder is "identical" to the drive-by shooting special circumstance because both require the non-killer to either possess the intent to kill or act with reckless indifference to human life. But section 3051 grants parole opportunities to offenders of the former while excluding the latter. Citing *Briscoe*, defendant asserts this differential treatment lacks rational basis. We disagree after a de novo review of his claim. (*Briscoe*, *supra*, 105 Cal.App.5th at p. 487.)

A.    *Drive-by shooting*

"[M]urder that is perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict death, is murder of the first degree." (§ 189, subd. (a).) Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended section 189 to add subdivision (e), which provides in pertinent part that a non-killer in such a drive-by shooting is guilty of first degree murder if he either (1) "with the intent to kill, aided, abetted . . . the actual killer in the commission of murder in the first degree" or (2) "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(2) & (3).)

A drive-by shooting special circumstance requires that "[t]he murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle,

3

intentionally at another person or persons outside the vehicle with the intent to inflict death." (§ 190.2, subd. (a)(21).) This special circumstance is true as to a non-killer if he, "with the intent to kill, aids, abets . . . any actor in the commission of murder in the first degree." (§ 190.2, subd. (c).) But the "reckless indifference to human life" standard applies in a special circumstance only if the non-killer aids and abets in the commission of certain felonies enumerated in section 190.2, subdivision (a)(17). (§ 190.2, subd. (d).) Drive-by shooting is not one of them.

Therefore, first degree drive-by shooting murder and drive-by shooting special circumstance have different mens rea requirements. Defendant is correct that a non-killer may be guilty of first degree drive-by shooting murder by acting with either the intent to kill or reckless indifference to human life; but he is mistaken as to the special circumstance because a non-killer must possess the intent to kill to offend a drive-by shooting special circumstance.

With this in mind, we consider whether a rational basis exists for providing different parole opportunities to these two groups of non-killers.

B.      *Equal protection*

"[W]hen plaintiffs challenge laws drawing distinctions between identifiable groups or classes of persons, on the basis that the distinctions drawn are inconsistent with equal protection," we inquire "whether the challenged difference in treatment is adequately justified under the applicable standard of review. The burden is on the party challenging the law to show that it is not." (*Hardin*, *supra*, 15 Cal.5th at pp. 850-851.)

We review defendant's challenge to section 3051 for rational basis because it does not involve a suspect classification or a fundamental right. (*Hardin*, *supra*, 15 Cal.5th, at p. 847.) Under this standard, "[w]e find a denial of equal protection only if there is no *rational* relationship between a disparity in treatment and some legitimate government purpose." (*People v. Chatman* (2018) 4 Cal.5th 277, 288-289.) "The underlying rationale for a statutory classification need not have been ' " 'ever actually articulated' " '

4

by lawmakers, and it does not need to ' " 'be empirically sustained.' " ' " (*Id.* at p. 289.) We may engage in rational speculation as to the justifications for the legislative choice. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.) "To mount a successful rational basis challenge, a party must ' " 'negate every conceivable basis' " ' that might support the disputed statutory disparity." (*Ibid.*)

Section 3051 "grants different parole opportunities to youth offenders based on the 'controlling offense' for which they received the longest sentence." (*Briscoe*, *supra*, 105 Cal.App.5th at p. 492.) Depending on the youth offender's age which is not at issue here, section 3051 provides parole opportunities to youth offenders sentenced to 25 years to life in prison but excludes those sentenced to life in prison without the possibility of parole. (§ 3051, subds. (b)(3) & (4).) Thus, a youth offender who committed first degree drive-by shooting murder could be eligible for a parole hearing if he received a prison term of 25 years to life (§§ 190, subd. (a), 3051, subd. (b)(3)); but a youth offender such as defendant who committed first degree murder with a drive-by shooting special circumstance is ineligible for a parole hearing because he could be sentenced to only death or life in prison without the possibility of parole (§§ 190.2, subd. (c); see 3051, subd. (b)(4)).

"[I]n designing section 3051, the Legislature consciously drew lines that altered the parole component of offenders' sentences based not only on the age of the offender (and thus the offender's amenability to rehabilitation) but also on the offense and sentence imposed." (*Hardin*, *supra*, 15 Cal.5th at p. 855.) "While section 3051 is not, in terms, a statute prescribing sentences for particular crimes, it does 'set[] the consequences of criminal offenses.' [Citation.] It is reasonable to infer that in setting those consequences through operation of the youth offender parole system, the Legislature balanced multiple considerations, including both concerns about increasing opportunities for release for young adults able to show growth and maturity and concerns about calibrating the level of punishment appropriate for certain serious criminal offenses."

(*Hardin*, *supra*, 15 Cal.5th at p. 857.) Therefore, a rational basis exists for denying a parole hearing to an offender convicted of special circumstance murder because "there is no violent crime or set of violent crimes considered more serious, or that trigger more severe punishment, than special circumstance murder." (*Id.*, at p. 863.)

The same logic applies to first degree drive-by shooting murder and drive-by shooting special circumstance. As discussed above, a non-killer in a special circumstance drive-by shooting must possess the intent to kill, while a non-killer in a first degree drive-by shooting murder may not. It is plausible that the Legislature decided the former is more culpable and less deserving of the opportunity for parole.

It is true that some non-killers guilty of first degree drive-by shooting murder also possess the intent to kill, making them arguably as culpable as the non-killer offenders of the drive-by shooting special circumstance. (See § 189, subd. (e)(2).) But legislative line-drawing " 'inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on different sides of the line, and the fact [that] the line might have been drawn differently at some points is a matter for legislative, rather than judicial, consideration.' " (*F.C.C. v. Beach Communications, Inc.* (1993) 508 U.S. 307, 315-316.) "When conducting rational basis review . . . [a] plausible reason for distinguishing between [two groups of individuals] need not exist in *every* scenario in which the statutes might apply." (*People v. Turnage* (2012) 55 Cal.4th 62, 77-78.)

And *Briscoe* is distinguishable. It concerned "the narrow factual context" involving first degree felony murder based on robbery and burglary and robbery-murder and burglary-murder special circumstances. (*Briscoe*, *supra*, 105 Cal.App.5th at p. 485.) Because robbery and burglary are among the enumerated felonies in section 190.2, subdivision (a)(17), a non-killer could offend the special circumstances if he acted with either the intent to kill or reckless indifference to human life. (*Briscoe*, at p. 491.) In other words, first degree felony murder based on burglary and robbery have the same elements as robbery-murder and burglary-murder special circumstance. The *Briscoe*

6

court thus concluded that offering parole opportunities to youth offenders convicted of the former but not the latter lacks rational basis. *Briscoe* shows that *Hardin* did "not foreclose the possibility of other challenges to the distinctions drawn by the special circumstances statute based on a more robust record or a more focused as-applied inquiry." (*Hardin*, *supra*, 15 Cal.5th at p. 862.) But this is not the case here.

## DISPOSITION

The trial court's ruling is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
FEINBERG, J.

7